UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

COURTNEY OLIVA, individually and )
as next friend of A.G., a minor, )
                                  )
           Plaintiff, )    Case No. 1:15-cv-1060
                                  )
v. )    Honorable Paul L. Maloney
                                  )
UNITED STATES OF AMERICA, )
                                  )
          Defendant. )
_____)

## REPORT AND RECOMMENDATION

This matter is before the Court on plaintiff's motion for approval of the settlement agreement and the distribution of the settlement proceeds, including attorneys' fees and costs. (ECF No. 44). This has been referred to me, pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation. I conducted a hearing on this matter on December 22, 2016, at which counsel for both parties appeared, along with plaintiff Courtney Oliva and the minor, A.G. (Minutes, ECF No. 51). The Court has received a declaration from Kirsten E. Vestrand, the court-appointed guardian ad litem for A.G., recommending that the settlement and distribution of proceeds be approved as requested by plaintiff. (ECF No. 48).

Having considered the oral and written submissions of all concerned, I find that the terms of the settlement agreement serve the best interests of the minor child, A.G. I also find that the amount of attorneys' fees and costs constitute fair and reasonable

compensation under the circumstances of this case. Accordingly, I recommend that the Honorable Paul L. Maloney approve the settlement agreement in its entirety and authorize the distribution of the settlement proceeds and attorneys' fees and costs as provided in the settlement agreement.

## Facts and Procedural History

This is a medical malpractice action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, for injuries the minor A.G. allegedly suffered during childbirth. (Amended Complaint, ECF No. 13). Plaintiff alleges that a certified nurse midwife at a federally-funded community health clinic breached the standard of practice for that profession during the delivery of A.G. Plaintiff alleges that A.G. suffered permanent injury as a result, including Erb's Palsy.

The United States has denied liability on the assertion that the certified nurse midwife did not breach the standard of care. (Answer to First Amended Complaint, ECF No. 15). The United States has also asserted a number of affirmative defenses. (*Id.*, PageID.288-89).

Discovery began in February of this year (*See* Case Management Order (CMO), ECF No. 22, PageID.319), with a January 9, 2017, deadline for completing fact discovery. (*See* Amended CMO, ECF No. 32, PageID.338). A bench trial was set for September 26, 2017. (*Id.*). The parties participated in a Voluntary Facilitative Mediation session on October 5, 2016, which resulted in a settlement agreement concerning all claims. (VFM Report, ECF No. 38, PageID.357).

On October 11, 2016, plaintiff filed an *ex parte* petition for the appointment of a guardian ad litem for A.G. (ECF No. 40). The Court issued an order the next day appointing Attorney Kirsten E. Vestrand. (ECF No. 41, PageID.364). The Court ordered Ms. Vestrand to submit a report "as to whether the proposed settlement and distribution is in the best interest of A.G., a minor." (*Id.*).

Plaintiff filed the instant motion to approve settlement on December 5, 2016. (ECF No. 44). The settlement agreement requires the United States to pay a total of $450,000.00, which is to be distributed as follows:

- $15,235.58 in payment to plaintiff's counsel for "out-of-pocket costs" incurred in the litigation;

- $108, 691.10 in payment to plaintiff's counsel for attorney's fees;

- $750.00 in payment to Kirsten Verstrand for a guardian ad litem fee;

- $5,461.00 in payment to Priority Health to discharge its lien;

- $31,862.32 in payment to plaintiff Courtney Oliva for reimbursement and compensation for services she rendered her minor child, A.G., relating to the injuries he allegedly sustained; and

- $288,000.00 in payment for the purchase of an annuity contract for the benefit of A.G.

(Settlement Agreement at 2-3, ¶ 3a, ECF No. 44-2, PageID.386-87). The annuity contract will provide for the following payments to plaintiff Courtney Oliva for the benefit of A.G.:

- $250.00 per month for fourteen years, 3 months (171 payments), beginning one month from the purchase date;

- $12,000.00 lump-sum payment per year for four years (4 payments), beginning when A.G. turns eighteen;

- $980.00 per month for thirteen years (156 payments), beginning when A.G. turns 22;

- $50,000 lump-sum payment when A.G. turns 25;

- $100,000.00 lump-sum payment when A.G. turns thirty; and

- $250,000.00 lump-sum payment when A.G. turns 35.

(*Id.* at ¶ 3b, PageID.387-88).

Ms. Vestrand, the guardian ad litem, filed a declaration recommending approval of the settlement agreement. (ECF No. 48). She advised the Court that she finds the terms of the settlement agreement to be reasonable. (*Id.*, PageID.416-17). Ms. Vestrand further advised the Court that she reviewed the terms of the settlement agreement with plaintiff Courtney Oliva, that Ms. Oliva appears to understand the terms, and that Ms. Oliva has expressed her belief that the terms of the settlement agreement are in the best interests of A.G. (*Id.*, PageID.417). Ms. Vestrand reviewed the provision regarding attorney's fees and the accounting of costs expended by plaintiff's counsel, and she finds them to be reasonable and necessary. (*Id.*). In Ms. Vestrand's opinion, the settlement of this case under the terms and conditions set forth in the settlement agreement is in the best interests of A.G. (*Id.*).

During the hearing on this matter, plaintiff's counsel questioned plaintiff Courtney Oliva under oath. Ms. Oliva confirmed that she understood the terms of the settlement agreement, and that she believed settlement of this case in accordance with those terms is in the best interests of her child, A.G.

Plaintiff's counsel advised the Court that counsel had expended at least 300 hours in litigating this case, which included extensive document review, including medical records; legal research regarding various issues; discovery; consultations with medical and economics experts; and negotiations with government counsel. Plaintiff's counsel stated that she spent considerable time reviewing the merits of the case with her client. Counsel advised that there were a number of potential issues relating to the merits of this case, and that a successful outcome was far from guaranteed.

## Discussion

The interests of a minor are subject to the court's protection. *See Green v. Nevers*, 111 F.3d 1295, 1302 (6th Cir. 1997); *see also, Dean v. Holiday Inns, Inc.*, 860 F.2d 670, 673 (6th Cir. 1988) (Noting "the general rule [] that settlement of a minor's claim or agreements or waivers affecting a minor's rights or interests are always subject to approval or amendment by the court with jurisdiction to pass on such agreements or actions." (citing, inter alia, *Centala v. Navrude*, 30 Mich.App. 30, 186 N.W.2d 35 (1971); *Dudex v. Sterling Brick Co.*, 237 Mich. 470, 212 N.W. 92 (1927); *Palazzolo v. Verdier*, 234 Mich. 547, 208 N.W. 677 (1926))). Federal Rule of Civil Procedure 17(c) provides, in relevant part, that "[t]he court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Accordingly, "[d]istrict courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interest of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). The Court must " 'conduct its own inquiry to determine whether the

settlement serves the best interests of the minor,' " *id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)), and it must "ma[k]e an independent determination that the settlement [i]s in the minor's best interest." *Nevers*, 111 F.3d at 1301.

Part and parcel of this analysis is a review of the settlement terms relating to the attorney's fees and costs. The Court must determine whether the compensation is "fair and reasonable," regardless of whether the attorney was retained under a contingency agreement or otherwise. *Dean*, 860 F.2d at 673; *accord Nevers*, 111 F.3d at 1302. An "agreement to a contingent fee contract by a parent or next friend on behalf of a minor is not necessarily binding on the minor, whose interests are subject to the protection of the court." *Dean*, 860 F.2d at 673 (collecting cases).

Having carefully reviewed the terms of the settlement agreement, after questioning plaintiff and plaintiff's counsel, and based upon the recommendations of the guardian ad litem, I find that the settlement agreement serves the best interests of the minor child, A.G. The agreement provides significant compensation to A.G., to be paid out until he reaches the age of 35. A.G. appears to have suffered no cognitive deficits, and his physical injuries do not suggest an inability to find sustainable employment as an adult.

The amount of the attorney's fees appears to be on the high side. It represents 25 percent of the total proceeds under the settlement agreement, which is the maximum allowed under the Federal Tort Claims Act, 28 U.S.C. § 2678.[1]

The Supreme Court has explained that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This is the "lodestar method" of calculation. *See Perdue v. Kenny A.*, 559 U.S. 542, 546 (2010); *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000); *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005).[2]

Given that plaintiff's counsel has expended some 300 hours in this case, the fee award here would equate to an effective hourly rate of approximately $360.00. According to the 2014 edition of the State Bar of Michigan's Economics of Law Practice in Michigan, the "mean" billing rate for Grand Rapids area attorneys in 2013 was $298.00. *See* https://www.michbar.org/file/pmrc/articles/0000151.pdf (Table 6) (last accessed December 22, 2016). The "mean" rate for plaintiff's attorneys handling medical malpractice cases was $474.00, however. *See id.* (Table 7). This is an

---

[1] Plaintiff signed a contingent fee agreement with her counsel in which counsel was to receive one-third of the amount of any settlement. (*See* ECF No. 47-1, PageID.402). Plaintiff's counsel agreed to amend the fee agreement to reduce that amount to 25 percent. (*See* Suppl. Br. at 3, ECF No. 47, PageID.399).

[2] The Sixth Circuit "rel[ies] on precedents involving attorney fees without regard to whether they involved Title VII or some other federal statute." *Isabel*, 404 F.3d at 415.

acceptable source. *See Wells v. Corporate Accounts Receivable*, 683 F. Supp.2d 600, 603 (W.D. Mich. 2010) (citing *O'Connor v. Trans Union, LLC*, 2008 WL 4910670, *6 (E.D. Mich. Nov. 13, 2008)); *see also O'Connor*, 2008 WL 4910670 at *6 ("District courts have relied on the State Bar of Michigan . . . Economics of Law Practice Survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice.") (citing *Lamar Advertising Co. v. Charter Twp. of Van Buren*, 178 Fed. Appx. 498, 501-02 (6th Cir.2006)).

The fee award in this case would result in an effective hourly rate between that obtained generally by attorneys in the Grand Rapids area and those specializing in medical malpractice. This suggests that the fee award under the settlement agreement is within the bounds of reasonableness.

Moreover, the Court must recognize that this is a fairly complex medical malpractice case against the United States. These cases carry inherent risks. Plaintiff's counsel took this case on contingency, assuming the risks. Accordingly, some premium in the fee award would be appropriate. Under the facts and circumstances of this case, I find that the amount of attorneys' fees and costs constitute fair and reasonable compensation.

**Recommended Disposition**

For the foregoing reasons, I recommend that the settlement agreement be approved, and that the Court authorize the distribution of the settlement proceeds and attorneys' fees and costs as provided in the agreement.  I further recommend that the Court adopt plaintiff's proposed order (found at ECF No. 44-1, PageID.380-83).


Dated:   December 22, 2016         /s/  Phillip J. Green
                                   United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).